UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID TYLER,

        Plaintiff,                           Case No: 13-10399

vs.                                                   HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING REPORT
AND RECOMMENDATION (Doc. 19), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 20), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 12), GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 17),
AFFIRMING THE ALJ'S DECISION DENYING
<u>BENEFITS AND DISMISSING CASE</u>[1]**

**I. INTRODUCTION**

This is a Social Security case. Plaintiff Michael David Tyler ("Tyler") appeals the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Tyler sought disability benefits due to spinal fusion surgery and bipolar disorder.

The parties filed cross motions for summary judgment (Docs. 12, 17). The motions were referred to a magistrate judge ("MJ") for a report and recommendation ("MJRR"). The MJ recommends that Tyler's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Tyler timely filed a sole

---

[1] The parties informed the Court that they wish to dispense with oral argument. Although originally scheduled for hearing, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

objection to the MJRR (Doc. 20). For the reasons that follow, the Court will adopt the MJRR, overrule Tyler's objection, deny Tyler's motion for summary judgment (Doc. 12), grant the Commissioner's motion for summary judgment (Doc. 17), affirm the Commissioner's decision denying benefits, and dismiss the case.

## II. BACKGROUND

The procedural history and background facts are stated in detail in the MJRR and are not repeated here. *See* (Doc. 19 at 1–13). A brief summary of the facts relevant to Tyler's objection to the MJRR follows.

The administrative law judge ("ALJ") denied Tyler's claim finding that he does not have an impairment or combination of impairments that meets or medically equals a compensable impairment. (Doc. 6-2 at 29). In so doing, the ALJ stated:

> Thomas Zelnik, M.D., the claimant's psychiatrist who managed medications during his in-patient treatment for opiate addiction, submitted a checkbox form entitled "Mental Impairment Questionnaire", which purports to indicate that the claimant suffered more than four decompensations and marked impairments from at least two of the "B" criteria, as well as satisfying the "C" criteria of listing 12.04. **I give these opinions little weight because he failed to provide specific explanations to justify his extreme opinions. Further, Dr. Zelnik stated in a letter to the claimant's representative, dated April 11, 2011, that he wanted to assist Mr. Tyler with regard to his claim for Social Security benefits, but he admitted that his knowledge of Mr. Tyler was limited.**
>
> **In addition, the possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he sympathizes. . . . While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.**

(*Id.* at 32) (emphasis added) (internal citations to record omitted).

In his summary judgment papers, Tyler disputed the ALJ's rejection of Dr. Zelnik's opinion. Tyler argued that Dr. Zelnik is a treating physician and, under the treating

physician rule, the ALJ failed to give good reasons for discounting his opinion. The MJRR rejects Tyler's argument.

### III. STANDARD OF REVIEW

**A. Objections to MJRR**

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

**B. Commissioner's Disability Determination**

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support

the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6thCir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## IV. ANALYSIS

Tyler makes a sole objection to the MJRR. Tyler argues that the MJRR erred in concluding that the ALJ gave Dr. Zelnick's opinion appropriate weight. Particularly Tyler says that the ALJ should have acknowledged that Dr. Zelnick is a treating physician and provided "good reasons" for rejecting his opinion. Tyler's objection is without merit.

The MJRR correctly states the law regarding treating physicians. An opinion of a treating physician is entitled to deference unless it is inconsistent with the other substantial evidence in the record, *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009), or there are "good reasons" to reject the treating physician's opinion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). Here, although the ALJ did not specifically state that Dr. Zelnick was a "treating physician," the ALJ properly rejected Dr. Zelnick's opinion consistent with the applicable law for treating physicians. As the MJRR correctly notes, Dr. Zelnick's opinion contradicts the substantial evidence in the record and can appropriately be categorized as "extreme." The ALJ's decision to reject Dr. Zelnick's opinion was justified and fully explained. The ultimate decision denying benefits is supported by substantial evidence.

## V. CONCLUSION

For the reasons stated above,

the MJRR (Doc. 19) is ADOPTED as the findings and conclusions of the Court;

Tyler's objection (Doc. 20) is OVERRULED;

Tyler's motion for summary judgment (Doc. 12) is DENIED;

the Commissioner's motion for summary judgment (Doc. 17) is GRANTED;

the ALJ's decision denying DIB benefits is AFFIRMED;

and this case is DISMISSED.

SO ORDERED.

          S/Avern Cohn  
          UNITED STATES DISTRICT JUDGE

Dated: April 3, 2014

5

13-10399 Tyler v. Commissioner of Social Security

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 3, 2014, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160
